1 | Mark R. Thierman, SBN 72913
Micheline N. Fairbank, SBN 226038
2 | **THIERMAN LAW FIRM P.C.**
7287 Lakeside Drive
3 | Reno, NV 89511
Telephone (775) 284-1500 Fax (775) 703-5027
4 | Electronic mail:laborlawyer@pacbell.net

5 | H. Tim Hoffman, SBN 49141
6 | W. Lazear, SBN 83603
**HOFFMAN & LAZEAR**
7 | 180 Grand Avenue, Suite 1550
Oakland, CA 94612
8 | Telephone: (510) 763-5700

9 | Attorneys for Plaintiff and Plaintiff Class

10

11 | UNITED STATES DISTRICT COURT

12 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

13

14 | BRET ROBERT OSBORN, MICHAEL          ) Case No. C 04-00336 JSW
PFAFF, KATHLEEN ANN PFAFF AND          )
15 | MARTY GAYLE OSBORN, on behalf of      ) CLASS AND REPRESENTATIVE ACTION
themselves, the general public, and all  )
16 | others similarly situated,            ) **MEMORANDUM OF POINTS AND**
                                         ) **AUTHORITIES IN SUPPORT OF**
17 |                      Plaintiffs,     ) **PLAINTIFFS' MOTION TO AMEND**
                                         ) **COMPLAINT** **BY FAX**
18 |                                       )
     vs.                                  )
19 |                                       ) Hearing Date:  July 30, 2004
     EMC CORPORATION, and Does 1          ) Hearing Time:  9:00 a.m.
20 | through 50,                           ) Courtroom:     2 17th Floor
                                         )
21 |                      Defendants.     )
                                         )
22

23

24

25

Filed By
One Legal

MEMORANDUM OF POINTS AND AUTHORITIES I/S/O MOTION TO AMEND COMPLAINT                    1

Mark R. Thierman, SBN 72913
Micheline N. Fairbank, SBN 226038
**THIERMAN LAW FIRM P.C.**
7287 Lakeside Drive
Reno, NV 89511
Telephone (775) 284-1500 Fax (775) 703-5027
Electronic mail:laborlawyer@pacbell.net

H. Tim Hoffman, SBN 49141
W. Lazear, SBN 83603
**HOFFMAN & LAZEAR**
180 Grand Avenue, Suite 1550
Oakland, CA  94612
Telephone:  (510) 763-5700

Attorneys for Plaintiff and Plaintiff Class

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRET ROBERT OSBORN, MICHAEL PFAFF, KATHLEEN ANN PFAFF AND MARTY GAYLE OSBORN, on behalf of themselves, the general public, and all others similarly situated,<br><br>     Plaintiffs,<br><br> vs.<br><br>EMC CORPORATION, and Does 1 through 50,<br><br>     Defendants. | Case No. C 04-00336 JSW<br><br>CLASS AND REPRESENTATIVE ACTION<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND COMPLAINT**<br><br>Hearing Date:  July 30, 2004<br>Hearing Time:  9:00 a.m.<br>Courtroom:  2 17th Floor |

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

This action was originally filed in the Napa County, California Superior Court on July, 1, 2003.  On January 26, 2004, Defendant filed a Notice of Removal and removed this action to this court on the bases of diversity of citizenship.

The first amended complaint is necessary as a direct result of changes in California law with the addition of the Private Attorney General Act.  There is no prejudice because the statute of limitations has not run on any of these claims, Plaintiffs' have not filed their motion for class certification, and a date for trial has not been set in this matter and the general facts are the same as in the original complaint.   Additionally, Plaintiffs' are deleting the language limiting their claims to $75,000, as Plaintiffs' claims are clearly in excess of that monetary amount.

### ARGUMENT

A.     THE COURT SHOULD GRANT PLAINTIFFS' REQUEST TO AMEND

Federal Rules of Civil Procedure, Rule 15(a) provides that:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

FRCP Rule 15 continues, confirms, and emphasizes the practice in effect prior to its adoption, in which liberality in amendment was encouraged and favored, where no prejudice or disadvantage was suffered by opposing side. *McDowall v Orr Felt & Blanket Co.*, (1944, CA6

Ohio) 146 F2d 136.   The function of FRCP Rule 15 is to provide the parties an opportunity to assert new matters that may not have been known to them at time they filed their original pleadings. *Johnson v Helicopter & Airplane Services Corp.*, (1974, DC Md) 389 F Supp 509. It is implicit in FRCP Rule 15 that plaintiffs may amend their complaint only to add matters that would otherwise have been proper to include in original complaint. *Martinez v Safeway Stores, Inc.*, (1975, ND Cal) 66 FRD 446. Here, the California Labor Code Private Attorney General Act was not available to Plaintiffs' until this year, thus it could not have been plead in Plaintiffs' original complaint.

In *Foman v. Davis*, 371 U.S. 178 (1962), the United States Supreme Court stated:

> Rule 15 (a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed. 1948), paras. 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

Liberal allowance of amendment to pleadings is desirable complement to restriction of objections for substance and form, which is hallmark of modern procedure. *Tahir Erk v Glenn L. Martin Co.*, (1941, CA4 Md) 116 F2d 865. FRCP Rule 15(a) continues practice in effect prior to its adoption, in which liberality in amendment was encouraged and favored, where no prejudice or disadvantage was suffered by opposing side. *McDowall v Orr Felt & Blanket Co.*, *supra*, 146 F2d 136; *Blair v United States*, (1946, CA8 Ark) 147 F2d 840. Liberality in the

1   amendment of pleadings is important to assure a party the fair opportunity to present his claims

2   and defenses, but equal attention should be given to proposition that there must be end finally to

3   particular litigation. *Freeman v Continental Gin Co.*, (1967, CA5 Miss) 381 F2d 459, *reh den*

4   (1967, CA5 Miss) 384 F2d 365.  Considering policy of liberality behind Rule 15, a court which

5   fails to even consider motion to amend, much less grant it, has abused its discretion.  *Marks v*

6   *Shell Oil Co.*, (1987, CA6 Mich) 830 F2d 68.  FRCP 15(a) codifies the liberal approach to the

7   amendment of pleadings to promote policy of deciding cases on merits, instead of on

8   technicalities. *Phillips v Borough of Keyport*, (1998, DC NJ) 179 FRD 140, *dismd* (1998, DC

9   NJ) 1998 US Dist LEXIS 12420, *summary judgment den, injunction den* (1998, DC NJ) 1998

10   US Dist LEXIS 12436.

11

12          As such, because the amendments, stating the Private Attorney General Act of 2004 and

13   removing the $75,000 limitation on the named Plaintiffs' claims do not prejudice Defendant,

14   Plaintiffs' first amended complaint should be granted.

15          B.     THE COURT SHOULD EXERCISE ITS DISCRETION HERE BECAUSE THE AMENDMENT
              DOES NOT PREJUDICE DEFENDANTS' AND IS BASED ON THE SAME FACTS AND
16            ALLEGES A NEW CHANGE IN THE LAW

17          Where the opposing party will not be prejudiced, the liberal allowance of amendment of

18   pleadings is "a desirable complement to restriction of objections for substance and form". *Tahir*

19   *Erk v. Glenn L. Martin Co.*, 116 F.2d 865, 871 (U.S. App., 1941).  Where the opposing party

20   will not be prejudiced, amendments to pleadings should be liberally allowed. *Blair v. United*

21   *States*, 147 F.2d 840, 843 (U.S. App., 1945).

22          In this case, all the acts complained of are within the four year period of the statute of

23   limitations and are based on the same facts and circumstances alleged in the original complaint,

24   as such, it does not prejudice the Defendants.  Because the Private Attorney General Act of

25

2004 was not available to Plaintiffs until this year, it is now appropriate to amend the complaint to allege the additional cause of action. Additionally, because Plaintiffs' have not filed a motion to certify the class and since a trial date has not been set in this matter, it is not prejudicial to either party in this matter.

### CONCLUSION

Based upon the forgoing, Plaintiffs respectfully request the Court grant leave to file Plaintiffs' proposed First Amended Complaint (Exh. A).

Dated: April 28, 2004.

Respectfully submitted,
THIERMAN LAW FIRM


By: _Micheline N. Fairbank_
Mark R. Thierman
Micheline N. Fairbank
Attorneys for Plaintiffs

EXHIBIT A

1   Mark R. Thierman, SBN 72913
    Micheline N. Fairbank, SBN 226038
2   **THIERMAN LAW FIRM P.C.**
    7287 Lakeside Drive
3   Reno, NV 89511
    Telephone (775) 284-1500 Fax (775) 703-5027
4   Electronic mail:laborlawyer@pacbell.net

5
    H. Tim Hoffman, SBN 49141
6   W. Lazear, SBN 83603
    **HOFFMAN & LAZEAR**
7   180 Grand Avenue, Suite 1550
    Oakland, CA  94612
8   Telephone:  (510) 763-5700

9   Attorneys for Plaintiffs

10

11                          UNITED STATES DISTRICT COURT

12                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

13

14  BRET ROBERT OSBORN, MICHAEL          )   Case No. C 04-00336 JSW
    PFAFF, KATHLEEN ANN PFAFF AND        )
15  MARTY GAYLE OSBORN, on behalf of     )   CLASS AND REPRESENTATIVE ACTION
    themselves, the general public, and all others )
16  similarly situated,                  )   **[PROPOSED] FIRST AMENDED**
                                         )   **COMPLAINT FOR VIOLATION OF**
17                          Plaintiffs,  )   **CALIFORNIA LABOR CODE**
                                         )   **SECTIONS 203, 221, 223, 400-410, AND**
18          vs.                          )   **CALIFORNIA BUSINESS AND**
                                         )   **PROFESSIONS CODE SECTION**
19  EMC CORPORATION, and Does 1 through  )   **17200, ET SEQ.**
    50,                                  )
20                                       )
                                         )
21                          Defendants.  )
                                         )
22

23  Comes now Plaintiffs BRET ROBERT OSBORN, MICHAEL PFAFF, KATHLEEN ANN

24  PFAFF and MARTY GAYLE OSBORN on behalf of themselves, the general public, and all

25  others similarly situated, and alleges as follows:


                                          1

## JURISDICTION

1.      This Court has jurisdiction over this class action for violation of the California Labor Code and Business and Professions Code because this is a class action, the individual claims exceed $25,000, the cause of action arose within the venue of this court, and there is diversity of citizenship between the parties.

## PARTIES

2.      Plaintiffs BRET ROBERT OSBORN and MICHAEL PFAFF, (hereinafter also referred to as the "Plaintiffs" and/or "Named Plaintiffs") at all relevant times herein was employed by Defendant EMC CORPORATION, as a sales representative pursuant to successive one year written compensation plans.

3.      Plaintiffs KATHLEEN ANN PFAFF AND MARTY GAYLE OSBORN is each the spouse of an EMC CORPORATION employee who was charged back commissions without the spouse's written consent, and are not themselves EMC CORPORATION employees nor are they signatory to any agreements with EMC CORPORATION, and bring this action for their own benefit, the benefit of all EMC CORPORATION employee spouses and for the benefit of the general public.

4.      Defendant EMC CORPORATION (hereinafter also referred to as "Defendant") is a foreign corporation engaged in the business of providing information storage systems, software, networks, and related services.

5.      Defendant is individually, jointly and severally liable as the employer of the Named Plaintiffs and each Plaintiff class member because each Defendant directly or indirectly, or through an agent or any other person, employed or exercised control over the wages, hours, or working conditions of Plaintiffs.

6.     Unless otherwise alleged in this complaint, Plaintiffs are informed and believe, and on that basis allege, that at all times material, each Defendant was the agent and employee of its codefendants, and in doing the things alleged in this complaint was acting within the course and scope of that agency and employment.

7.     The true names and capacities of defendants sued as Does are unknown to Plaintiffs, but Plaintiffs will amend their complaint when and if the true names of said defendants become known to them. Plaintiffs are informed and believe and thereon allege that each of the defendants sued herein as a Doe is responsible in some manner for the events and happenings referred to herein and any reference to "Defendant" or "Defendants" shall mean "Defendants and each of them".

## CLASS AND REPRESENTATIVE ACTION ALLEGATIONS

8.     Plaintiffs bring this action on their own behalf, on behalf of the general public and on behalf of the class of all persons similarly situated.

9.     The class is defined as all sales representatives subject to Defendant's chargeback policy, including but not limited to, all job titles eligible for commissions and subject to chargebacks who were employed by Defendant within the State of California within four years of the filing of this complaint until the date of entry of judgment after trial.

10.    Plaintiffs are informed and believe that there are over 100 people within the class, and this class is so numerous that joinder is impractical.

11.    There is a well-defined community of interest in the questions of law and fact affecting the class as a whole. According to Defendant's policy, class members were charged back for earned and paid commissions, and Plaintiffs allege this policy violates the provisions

of CAL. LAB. CODE § 221, the public policy articulated in CAL. LAB. CODE §§ 400-410, the CAL. BUS. & PROF. CODE §17200.

12.    Common questions of law and fact apply to all class members as stated herein.

## FACTUAL ALLEGATIONS

13.    Defendant claims to be the world leader in information storage systems, software, networks, and services and the only company 100% dedicated to automated networked storage.

14.    Plaintiffs and each Plaintiff class member earned wages for selling Defendant's services and applicable products. These wages were earned at the time of sale. The sale occurred when a legally enforceable contract was entered into between the customer and Defendant.

15.    Defendant would approve the credit worthiness of the customer, before entering into the contract for service or materials. Typically, Defendant would pay 50% of the commission in the next paycheck immediately after Defendant approved and accepted the contract. The remainder of the commission is typically paid in the next fiscal month.

16.    Upon execution of the contract, Plaintiff and each class members earns wages in the form of commissions. Plaintiffs and each class member had or have no further duties with regards to the service or sale upon activation.

17.    If after 90 days, invoices are still outstanding to the customer, then the Defendant charges back the commissions paid. If the invoices are eventually paid, only 80% of the base commission only is returned to the sales representative without accelerators and other bonuses originally paid.

18.   Defendant subtracts wages already paid to Plaintiffs and Plaintiff class members from wages due in order to recover these chargebacks.

19.   Plaintiffs pay state and federal wage type taxes on all money earned as commission.

20.   Defendant does not reimburse for taxes paid from charged back wages.

21.   If the sales representative terminates employment with Defendant within 2 years of hire, then the Defendant charges the employee $6,000 for "training costs."

22.   In addition, the agreement contains a non-competition clause that states:

> 1. Non-Competition. For as long as you are employed by the Company, you shall devote your full time and efforts to the Company and shall not participate, directly or indirectly, in any capacity, in any business or activity that is in competition with the Company. For the twelve month period following the effective date of your termination, for any reason, from the Company, you agree not to directly or indirectly compete with the Company in any manner, including but not limited to directly or indirectly developing, producing, marketing, soliciting or selling products or services competitive with products or services being developed, produced, marketed or sold by the Company as of the date of your termination. For purposes of the immediately preceding sentence you shall not be considered to be competing with the Company unless you have an ownership interest amounting to at least 1% in the competing enterprise (whether direct or indirect by way of stock options (vested or unvested) or otherwise) or an officership, directorship or other policy-making position with the competing enterprise.

23.   The agreement provides that "that this shall in no way limit the Company's ability to commence litigation with regard to any breach of this Agreement."  In addition, the Defendants also retain the exclusive right to seek an immediate injunction for breach of the agreement.   The agreement says that Senior Vice President of the Company is the final arbitrator of all disputes about compensation. The agreement says is may be terminated at will, but it continues against the employee after termination. The agreement also provides for an

exclusive choice of forum in Massachusetts, even if the acts complained of happened in California. As to these and related provisions, the agreement is unconscionable, overreaching and void.

**FIRST CAUSE OF ACTION**
**<u>Unlawful Wage Deductions</u>**
(CAL. LAB. CODE §§ 221, 300 & 400-410)

24.   CAL. LAB. CODE § 221, entitled "Collection or receipt of wages previously paid," provides: "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

25.   CAL. LAB. CODE § 300(b) states that : No assignment of wages, earned or to be earned, is valid unless all of the following conditions are satisfied: (1) The assignment is contained in a separate written instrument, signed by the person by whom the wages or salary have been earned or are to be earned, and identifying specifically the transaction to which the assignment relates; (2) Where the assignment is made by a married person, the written consent of the spouse of the person making the assignment is attached to the assignment .... and (6) A copy of the assignment and of the written statement provided for in paragraphs (2), (4), and (5), authenticated by a notary public, is filed with the employer, accompanied by an itemized statement of the amount then due to the assignee.

26.   CAL. LAB. CODE § 300(h) further provides that: "No assignment of wages is valid unless at the time of the making thereof, such wages or salary have been earned, except for necessities of life and then only to the person or persons furnishing such necessities of life directly and then only for the amount needed to furnish such necessities."

27.   Defendant did not have a separate notarized assignment executed at the time the wages were due allowing for chargebacks.

6

28.     Before making the deductions for any married person, Defendant did not have the written consent of the spouse of the person making the assignment attached to the assignment.

29.     CAL. LAB. CODE § 300 also provides that such assignment must be revocable at will.

30.     CAL. LAB. CODE § 400- 410 inclusive prohibits the investment of employee paychecks in the business risk of the employer.

31.     CAL. LAB. CODE § 2802(a) states that:  An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

32.     Once earned, unpaid wages became property to which the plaintiff was entitled. Failure to promptly pay those wages is unlawful and thus an unfair business practice.

33.     Therefore, Defendant could be legally compelled to restore unpaid wages to Plaintiffs.

34.     The reduction of future wages by amounts "charged back" constitutes an unlawful payroll deduction contrary to the express prohibition expressed in *Quillian v. Lion Oil Company* (1979) 96 Cal. App. 3d 156.

35.     By charging back commissions, Defendant impermissibly placed the business risk of non-payment on the employee.

36.     Defendant did not reimburse Plaintiffs for any taxes taken out of the returned monies.

37.   By the conduct described above, Defendant, has unlawfully collected or received from Plaintiffs and Plaintiff class members a part of wages theretofore paid by an employer to its employees.

38.   Therefore, Plaintiffs and Plaintiff Class members demand return of all wages unlawfully deducted from sales representatives employed by Defendant, within the State of California within four years of the filing of this complaint until the date of entry of judgment after trial, and reversal of all commission chargebacks and repayment of any subsequent reduction of commission as a result of chargebacks.

## SECOND CAUSE OF ACTION
### Unjust Enrichment from Unconscionable Charge-Backs
(CAL. CIV. CODE §§ 1670.5, CAL. BUS. & PROF. CODE § 17200)

39.   Plaintiffs incorporate by reference all paragraphs set forth above in this Complaint, as if fully set forth herein.

40.   Plaintiffs and each Plaintiff class member were promised wages in the form of commissions for sales to customers.

41.   If a customer is pays its invoices late, but eventually pays them, the Defendant does not re-instate the full commissions earned at the time of the original sale.

42.   Defendant derives an economic benefit from the sale, even if the customer is a slow pay.

43.   CAL. CIV. CODE § 1670.5 states that "If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result."

44.   Plaintiffs and Plaintiff class members are non-union employees and Defendant is a wealthy, multi-billion dollar commercial enterprise with the power and resources to hire counsel and demands a single policy of compensation for all sales employees, a take it or leave it contract, and thus have  unequal bargaining power to negotiate terms and conditions of employment with its employees.

45.   The "chargeback" provision of the corporate policy so grossly shifts the business risk on to the employee without any ownership interest that the contract is unconscionable.

46.   Wages were earned at the time of the sale, and once earned, unpaid wages became property to which the Plaintiffs and each Plaintiff class member was entitled.

47.   Failure to promptly pay those wages without rebate or deduction unjustly enriches Defendants, is unlawful and thus an unfair business practice.

48.   Therefore, Plaintiffs and Plaintiff Class members demand defendant be compelled to restore unpaid wages to plaintiffs and/or the value of the services rendered by the amount of original commission rate, with all accelerators and bonuses restored retroactively Defendant.

## THIRD CAUSE OF ACTION
## UNLAWFUL NON-COMPETE LANGUAGE
(CAL. BUS. & PROF. CODE § 16600)

49.   Plaintiffs incorporate by reference all paragraphs set forth above in this Complaint, as if fully set forth herein.

50.   Defendant's employment agreement provides that an employee may not work for a competitor for 12 months after hire, nor may they have any ownership or control of a competitor during that time.

9

51.   CAL. BUS. & PROF. CODE § 16600 states: "Except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."  There are no exceptions applicable to these facts.

52.   The above referenced non-compete clause violates CAL. BUS. & PROF. CODE § 16600.

### FORTH CAUSE OF ACTION
#### Waiting Penalties
(CAL. LAB. CODE §§ 203, 204)

53.   Plaintiffs hereby incorporate each and every allegation contained above, and reallege said allegations as if fully set forth herein.

54.   CAL. LAB. CODE § 204 provides that "All wages, other than those mentioned in §§ 201, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."

55.   CAL. LAB. CODE § 203 states:  "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days."

56.   Many of the class members have terminated their employment and Defendants have not tendered restitution of wages or overtime owed.

57.   Plaintiffs and many Plaintiff class members are due waiting penalties for not making restitution at the time of termination from employment of all chargebacks taken from their pay.

58.   Therefore, Plaintiffs demand thirty days of pay as a penalty for not paying all wages due at time of termination for all employees who terminated employment within three years of the filing of this complaint until the date of entry of judgment after trial as provided by CAL. LAB. CODE § 203.

### FIFTH CAUSE OF ACTION
Private Attorneys General Act of 2004
(CAL. LAB. CODE §§ 510, 558, 1197, 2699)

1.   Plaintiffs herein repeat and re- alleges each and every paragraph above as though fully set forth herein.

2.   CAL. LAB. CODE § 2699 (a), also known as the Labor Code Private Attorneys General Act of 2004, states:

> Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees.

3.   Plaintiffs are an "aggrieved employee" as that term is defined in the Labor Code Private Attorneys General Act of 2004 because they are persons who were employed by the alleged violator and against whom one or more of the alleged violations was committed.

4.   Plaintiff therefore brings this action on behalf of themselves and other current and former employees.

5.   CAL. LAB. CODE § 558 provides that:

> Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:   (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to

an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.   (3) Wages recovered pursuant to this section shall be paid to the affected employee.

6.  The term "this Chapter" in CAL. LAB. CODE § 558 includes CAL. LAB. CODE § 510.

7.  CAL. LAB. CODE § 558 (c) states that "The civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law."

8.  CAL. LAB. CODE § 1197.1 (a)   states the civil penalty for violation of the overtime provisions of the Orders of the California Industrial Wage Commission as follows:

Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission shall be subject to a civil penalty as follows:   (1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid.   (2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed.

9.  CAL. LAB. CODE § 1197.1 (f) further states:

Any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs.  Nothing in this section shall operate to limit an employee's right to pursue other remedies available under state or federal law, either separately or concurrently with an action taken under this section.

10. By the conduct described above, Defendants have violated the provisions of § 510 of the CAL. LAB. CODE and the Orders of the Industrial Welfare Commission relating to the payment of overtime compensation.

11. Therefore, Plaintiffs demand payment at the rate specified in CAL. LAB. CODE § 558 plus the rate specified in CAL. LAB. CODE § 1197.1 for all current or former employees whom are due overtime payments.

## SIXTH CAUSE OF ACTION
Unfair Competition Law
(CAL. BUS. & PROF. CODE § 17200 *et seq.*)

59.   Plaintiffs incorporate by reference all paragraphs set forth above in this Complaint, as if fully set forth herein.

60.   CAL. BUS. & PROF. CODE § 17200, provides: "As used in this chapter, unfair competition shall mean and include any unlawful or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising an any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code."

61.   Defendant has violated the provisions of the California Labor Code by for taking money from the paychecks in the form of chargebacks and by including an unlawful non-competition provision in its employment agreement.

62.   By the conduct described above, Defendant has also violated the provisions of the Unfair Competition Law, CAL. BUS. & PROF. CODE § 17200 et seq. for which this Court should issue equitable and injunctive relief pursuant to CAL. BUS. & PROF. CODE § 17203, including restitution of wages wrongfully withheld or labor taken without proper compensation.

63.   Unless enjoined, Defendant will continue to deduct commission earned for canceled service contracts in the form of "chargebacks" against future commissions, even when the Defendant collects some portion under the contract.

64.   Plaintiffs demand an order of Court pursuant to CAL. BUS. & PROF. CODE § 17200, et seq. enjoining Defendant from engaging in these, or similar, unlawful business practices

13

65.     Plaintiffs further demands that Defendant make full restitution to all employees chargebacks unlawfully retained or charged against future commissions for all sales representative's employed by Defendant or any of them, within the State of California within four years of the filing of this complaint until the date of entry of judgment after trial.

**PRAYER**

WHEREFORE, Plaintiffs demand judgment against Defendant as hereinafter set forth, including, *inter alia*:

(a)     Wages, as appropriate, to Plaintiffs and to each Plaintiff class member for unlawful wage deductions for all amounts charged back against commission for three years from the filing of this complaint;

(b)     Restitution, as appropriate, to Plaintiffs and to each Plaintiff class member for unlawful wage deductions for all amounts charged back against commission for four years from the filing of this complaint, to the extent not already awarded;

(c)     For a declaration that the non-competition provision of the Defendant's employment agreement is void in California;

(d)     Waiting penalties under CAL. LAB. CODE § 203 to the extent applicable for three years form the filing of this complaint;

(e)     An Order that Defendant cease and desist the practice of charging back commissions, and prohibiting Defendants from attempting to collect any such chargebacks from employees or former employees in any way;

(f)     An Order that Defendant search its records to identify all chargebacks it has assessed against class members, which shall constitute the "res" of an equitable constructive or resulting trust by Defendant for the benefit of class members for whom chargeback restitution is owed and unpaid, to be paid to each such individual that the Defendant can locate, and the remainder of which shall be deposited with the Labor Commissioner as Trustee for the Industrial Relations Unpaid Wage Fund of the State of California pursuant to CAL. LAB. CODE §§ 96.6 and 96.7, along with the names, last known address and social security number of each remaining unpaid class member and the amount charged back,

or, if the Labor Commissioner will not accept these funds, then to the National Employment Lawyers Association (a not for profit organization located in San Francisco dedicated to promoting the employment rights of workers), in the manner provided for by California Code of Civil Procedure Section 384;

(g)     Interest;

(h)     Attorney fees and costs as provided by statute and/or applicable case law; and

(i)     Such other relief as the Court deems just and proper.

Dated this 28th day of April, 2004.

THIERMAN LAW FIRM

By: *Micheline N. Fairbanc*
     Mark R. Thierman
     Micheline N. Fairbank

HOFFMAN & LAZEAR

By: _____
    H. Tim Hoffman

**PROOF OF SERVICE**

CASE NAME:     *Bret Robert Osborn, et al. v. EMC Corporation*
COURT:              *United States District Court – Northern District of California*
CASE NO.:          *C04-0336 JSW*

     I, Laura McCarron, am over the age of eighteen years and not a party to the within

action; my business address is 7287 Lakeside Drive, Reno, Nevada  89511.  On the date last

written below, I served the following documents:

    1.     Plaintiffs Notice of Motion and Motion to Amend Complaint
    2.     Declaration of Micheline N. Fairbank in Support of Plaintiffs Motion to File
            First Amended Complaint
    3.     Memorandum of Points and Authorities in Support of Plaintiffs Motion to
            Amend Complaint

on the parties stated below, through their attorneys of record, by facsimile transmission, by
personal delivery or by placing true copies thereof in sealed envelopes addressed as shown
below for service, as designated below:

**A:**    **First Class Mail** - I caused each such envelope, with first-class postage thereon fully
prepaid, to be deposited in a recognized place of deposit of the U.S. mail in Reno, Nevada, for
collection and mailing to the office of the addressee on the date shown below following
ordinary business practices.

**B:**    **By Courier Service** - I caused each such envelope to be deposited with the Federal
Express, a courier service.

**C:**    **By Facsimile Service** - I caused a true copy thereof to be transmitted on the date
shown below from telecopier (775) 703-5027 to the telecopier number published for the
addressee.

**D:**    **By Personal Service** - I caused each document identified herein to be delivered to a
courier employed by a courier service with whom we have a direct billing account, who
personally delivered the document identified herein to the addressee on the date below.

| **Type of Service** | **Addressee** |
|---|---|
|  | Lisa G. Lawson, Esq. |
| **A** | Howard C. Hay, Esq. |
|  | Paul, Hastings, Janofsky & Walker, LLP |
|  | 55 Second Street, 24th Floor |
|  | San Francisco, CA  94105-3441 |

    I declare under penalty of perjury under the laws of the State of California that

the foregoing is true and correct.  Executed on April 28, 2004 at Reno, Nevada.

*[signature]*
) Laura McCarron

1