1  Mark R. Thierman, SBN 72913
   Micheline N. Fairbank, SBN 226038
2  **THIERMAN LAW FIRM P.C.**
   7287 Lakeside Drive
3  Reno, NV 89511
   Telephone (775) 284-1500 Fax (775) 703-5027
4  Electronic mail:laborlawyer@pacbell.net

5
   H. Tim Hoffman, SBN 49141
6  W. Lazear, SBN 83603
   **HOFFMAN & LAZEAR**
7  180 Grand Avenue, Suite 1550
   Oakland, CA  94612
8  Telephone:  (510) 763-5700

9  Attorneys for Plaintiffs

10

11                    UNITED STATES DISTRICT COURT

12            FOR THE NORTHERN DISTRICT OF CALIFORNIA

13

14 BRET ROBERT OSBORN, MICHAEL            )  Case No. C 04-00336 JSW
   PFAFF, KATHLEEN ANN PFAFF AND          )
15 MARTY GAYLE OSBORN, on behalf of       )  CLASS AND REPRESENTATIVE ACTION
   themselves, the general public, and all others )
16 similarly situated,                     )  **FIRST AMENDED COMPLAINT FOR
                                           )  VIOLATION OF CALIFORNIA
17                     Plaintiffs,         )  LABOR CODE SECTIONS 203, 221,
                                           )  223, 400-410, AND CALIFORNIA
18       vs.                               )  BUSINESS AND PROFESSIONS CODE
                                           )  SECTION 17200, ET SEQ.**
19 EMC CORPORATION, and Does 1 through    )
20 50,                                     )
                                           )
21                     Defendants.         )
                                           )
22 _____ )

23 Comes now Plaintiffs BRET ROBERT OSBORN, MICHAEL PFAFF, KATHLEEN ANN

24 PFAFF and MARTY GAYLE OSBORN on behalf of themselves, the general public, and all

25 others similarly situated, and alleges as follows:

                                    1

## JURISDICTION

1.      This Court has jurisdiction over this class action for violation of the California Labor Code and Business and Professions Code because this is a class action, the individual claims exceed $75,000, the cause of action arose within the venue of this court, and there is diversity of citizenship between the parties.

## PARTIES

2.      Plaintiffs BRET ROBERT OSBORN and  MICHAEL PFAFF, (hereinafter also referred to as the "Plaintiffs" and/or "Named Plaintiffs") at all relevant times herein was employed by Defendant EMC CORPORATION, as a sales representative pursuant to successive one year written compensation plans.

3.      Plaintiffs KATHLEEN ANN PFAFF AND MARTY GAYLE OSBORN is each the spouse of an EMC CORPORATION employee who was charged back commissions without the spouse's written consent, and are not themselves EMC CORPORATION employees nor are they signatory to any agreements with EMC CORPORATION, and bring this action for their own benefit, the benefit of all EMC CORPORATION employee spouses and for the benefit of the general public.

4.      Defendant EMC CORPORATION (hereinafter also referred to as "Defendant") is a foreign corporation engaged in the business of providing information storage systems, software, networks, and related services.

5.      Defendant is individually, jointly and severally liable as the employer of the Named Plaintiffs and each Plaintiff class member because each Defendant directly or indirectly, or through an agent or any other person, employed or exercised control over the wages, hours, or working conditions of Plaintiffs.

6.      Unless otherwise alleged in this complaint, Plaintiffs are informed and believe, and on that basis allege, that at all times material, each Defendant was the agent and employee of its codefendants, and in doing the things alleged in this complaint was acting within the course and scope of that agency and employment.

7.      The true names and capacities of defendants sued as Does are unknown to Plaintiffs, but Plaintiffs will amend their complaint when and if the true names of said defendants become known to them. Plaintiffs are informed and believe and thereon allege that each of the defendants sued herein as a Doe is responsible in some manner for the events and happenings referred to herein and any reference to "Defendant" or "Defendants" shall mean "Defendants and each of them".

## CLASS AND REPRESENTATIVE ACTION ALLEGATIONS

8.      Plaintiffs bring this action on their own behalf, on behalf of the general public and on behalf of the class of all persons similarly situated.

9.      The class is defined as all sales representatives subject to Defendant's chargeback policy, including but not limited to, all job titles eligible for commissions and subject to chargebacks who were employed by Defendant within the State of California within four years of the filing of this complaint until the date of entry of judgment after trial.

10.     Plaintiffs are informed and believe that there are over 100 people within the class, and this class is so numerous that joinder is impractical.

11.     There is a well-defined community of interest in the questions of law and fact affecting the class as a whole. According to Defendant's policy, class members were charged back for earned and paid commissions, and Plaintiffs allege this policy violates the provisions

3

1    of Cal. Lab. Code § 221, the public policy articulated in Cal. Lab. Code §§ 400-410, the Cal.

2    Bus. & Prof. Code §17200.

3        12.    Common questions of law and fact apply to all class members as stated herein.

4

5                        **FACTUAL ALLEGATIONS**

6

7

8        13.    Defendant claims to be the world leader in information storage systems,

9

10   software, networks, and services and the only company 100% dedicated to automated

11   networked storage.

12       14.    Plaintiffs and each Plaintiff class member earned wages for selling Defendant's

13   services and applicable products.   These wages were earned at the time of sale. The sale

14   occurred when a legally enforceable contract was entered into between the customer and

15   Defendant.

16       15.    Defendant would approve the credit worthiness of the customer, before entering

17   into the contract for service or materials. Typically, Defendant would pay 50% of the

18   commission in the next paycheck immediately after Defendant approved and accepted the

19   contract.  The remainder of the commission is typically paid in the next fiscal month.

20   Upon execution of the contract, Plaintiff and each class members earns wages in the form of

21   commissions.  Plaintiffs and each class member had or have no further duties with regards to

22   the service or sale upon activation.

23       16.    If after 90 days, invoices are still outstanding to the customer, then the Defendant

24   charges back the commissions paid.  If the invoices are eventually paid, only 80% of the base

25

4

commission only is returned to the sales representative without accelerators and other bonuses originally paid.

17.     Defendant subtracts wages already paid to Plaintiffs and Plaintiff class members from wages due in order to recover these chargebacks.

18.     Plaintiffs pay state and federal wage type taxes on all money earned as commission.

19.     Defendant does not reimburse for taxes paid from charged back wages.

## FIRST CAUSE OF ACTION
### Unlawful Wage Deductions
### (Cal. Lab. Code §§ 221, 300 & 400-410)

20.     Cal. Lab. Code § 221, entitled "Collection or receipt of wages previously paid," provides: "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

21.     Cal. Lab. Code § 300(b) states that : No assignment of wages, earned or to be earned, is valid unless all of the following conditions are satisfied: (1) The assignment is contained in a separate written instrument, signed by the person by whom the wages or salary have been earned or are to be earned, and identifying specifically the transaction to which the assignment relates; (2) Where the assignment is made by a married person, the written consent of the spouse of the person making the assignment is attached to the assignment .... and (6) A copy of the assignment and of the written statement provided for in paragraphs (2), (4), and (5),

authenticated by a notary public, is filed with the employer, accompanied by an itemized statement of the amount then due to the assignee.

22.    Cal. Lab. Code § 300(h) further provides that: "No assignment of wages is valid unless at the time of the making thereof, such wages or salary have been earned, except for necessities of life and then only to the person or persons furnishing such necessities of life directly and then only for the amount needed to furnish such necessities."

Defendant did not have a separate notarized assignment executed at the time the wages were due allowing for chargebacks.

23.    Before making the deductions for any married person, Defendant did not have the written consent of the spouse of the person making the assignment attached to the assignment.

24.    Cal. Lab. Code § 300 also provides that such assignment must be revocable at will.

25.    Cal. Lab. Code § 400- 410 inclusive prohibits the investment of employee paychecks in the business risk of the employer.

26.    Cal. Lab. Code § 2802(a) states that:  An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

27.    Once earned, unpaid wages became property to which the plaintiff was entitled. Failure to promptly pay those wages is unlawful and thus an unfair business practice. Therefore, Defendant could be legally compelled to restore unpaid wages to Plaintiffs.

The reduction of future wages by amounts "charged back" constitutes an unlawful payroll deduction contrary to the express prohibition expressed in Quillian v. Lion Oil Company (1979) 96 Cal. App. 3d 156.

28.   By charging back commissions, Defendant impermissibly placed the business risk of non-payment on the employee.

29.   Defendant did not reimburse Plaintiffs for any taxes taken out of the returned monies.

30.   By the conduct described above, Defendant, has unlawfully collected or received from Plaintiffs and Plaintiff class members a part of wages theretofore paid by an employer to its employees.

31.   Therefore, Plaintiffs and Plaintiff Class members demand return of all wages unlawfully deducted from sales representatives employed by Defendant, within the State of California within four years of the filing of this complaint until the date of entry of judgment after trial, and reversal of all commission chargebacks and repayment of any subsequent reduction of commission as a result of chargebacks.

## SECOND CAUSE OF ACTION
### Unjust Enrichment from Unconscionable Charge-Backs
### (Cal. Civ. Code §§ 1670.5, Cal. Bus. & Prof. Code § 17200)

32.   Plaintiffs incorporate by reference all paragraphs set forth above in this Complaint, as if fully set forth herein.

33.   Plaintiffs and each Plaintiff class member were promised wages in the form of commissions for sales to customers.

34. If a customer is pays its invoices late, but eventually pays them, the Defendant does not re-instate the full commissions earned at the time of the original sale. Defendant derives an economic benefit from the sale, even if the customer is a slow pay.

35. Cal. Civ. Code § 1670.5 states that "If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result."

36. Plaintiffs and Plaintiff class members are non-union employees and Defendant is a wealthy, multi-billion dollar commercial enterprise with the power and resources to hire counsel and demands a single policy of compensation for all sales employees, a take it or leave it contract, and thus have unequal bargaining power to negotiate terms and conditions of employment with its employees.

37. The "chargeback" provision of the corporate policy so grossly shifts the business risk on to the employee without any ownership interest that the contract is unconscionable.

38. Wages were earned at the time of the sale, and once earned, unpaid wages became property to which the Plaintiffs and each Plaintiff class member was entitled. Failure to promptly pay those wages without rebate or deduction unjustly enriches Defendants, is unlawful and thus an unfair business practice.

39. Therefore, Plaintiffs and Plaintiff Class members demand defendant be compelled to restore unpaid wages to plaintiffs and/or the value of the services rendered by the amount of original commission rate, with all accelerators and bonuses restored retroactively

8

Defendant.

### THIRD CAUSE OF ACTION
#### Waiting Penalties
(CAL. LAB. CODE §§ 203, 204)

40.     Plaintiffs hereby incorporate each and every allegation contained above, and reallege said allegations as if fully set forth herein.

41.     CAL. LAB. CODE § 204 provides that "All wages, other than those mentioned in §§ 201, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."

42.     CAL. LAB. CODE § 203 states:  "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days."

43.     Plaintiffs and many Plaintiff class members are due waiting penalties for not making restitution at the time of termination from employment of all chargebacks taken from their pay.

44.     Therefore, Plaintiffs demand thirty days of pay as a penalty for not paying all wages due at time of termination for all employees who terminated employment within three years of the filing of this complaint until the date of entry of judgment after trial as provided by CAL. LAB. CODE § 203.

9

**FOURTH CAUSE OF ACTION**
<u>Private Attorneys General Act of 2004</u>
(CAL. LAB. CODE §§ 1197, 2699)

45.     Plaintiffs herein repeat and re-alleges each and every paragraph above as though fully set forth herein.

46.     CAL. LAB. CODE § 2699 (a), also known as the Labor Code Private Attorneys General Act of 2004, states:

> Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees.

47.     Plaintiffs are an "aggrieved employee" as that term is defined in the Labor Code Private Attorneys General Act of 2004 because they are persons who were employed by the alleged violator and against whom one or more of the alleged violations was committed.

48.     Plaintiff therefore brings this action on behalf of themselves and other current and former employees.

49.     CAL. LAB. CODE § 1197.1 (f) further states:

> Any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs. Nothing in this section shall operate to limit an employee's right to pursue other remedies available under state or federal law, either separately or concurrently with an action taken under this section.

50.     By the conduct described above, Defendants have violated the provisions of §§ 221 and 203 of the CAL. LAB. CODE and the Orders of the Industrial Welfare Commission relating to the payment of compensation and charging back compensation earned and paid.

51.     Therefore, Plaintiffs demand payment for all current or former employees whom were unlawfully charged back wages in violation to California Labor Code §§ 203

## FIFTH CAUSE OF ACTION
### Unfair Competition Law
(CAL. BUS. & PROF. CODE § 17200 *et seq.*)

52.     Plaintiffs incorporate by reference all paragraphs set forth above in this Complaint, as if fully set forth herein.

53.     CAL. BUS. & PROF. CODE § 17200, provides: "As used in this chapter, unfair competition shall mean and include any unlawful or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising an any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code."

54.     Defendant has violated the provisions of the California Labor Code by for taking money from the paychecks in the form of chargebacks and by including an unlawful non-competition provision in its employment agreement.

55.     By the conduct described above, Defendant has also violated the provisions of the Unfair Competition Law, CAL. BUS. & PROF. CODE § 17200 et seq. for which this Court should issue equitable and injunctive relief pursuant to CAL. BUS. & PROF. CODE § 17203, including restitution of wages wrongfully withheld or labor taken without proper compensation.

56.     Unless enjoined, Defendant will continue to deduct commission earned for canceled service contracts in the form of "chargebacks" against future commissions, even when the Defendant collects some portion under the contract.

57.     Plaintiffs demand an order of Court pursuant to CAL. BUS. & PROF. CODE § 17200, et seq. enjoining Defendant from engaging in these, or similar, unlawful business practices

58.     Plaintiffs further demands that Defendant make full restitution to all employees chargebacks unlawfully retained or charged against future commissions for all sales representative's employed by Defendant or any of them, within the State of California within four years of the filing of this complaint until the date of entry of judgment after trial.

## PRAYER

WHEREFORE, Plaintiffs demand judgment against Defendant as hereinafter set forth, including, *inter alia*:

(a)     Wages, as appropriate, to Plaintiffs and to each Plaintiff class member for unlawful wage deductions for all amounts charged back against commission for three years from the filing of this complaint;

(b)     Restitution, as appropriate, to Plaintiffs and to each Plaintiff class member for unlawful wage deductions for all amounts charged back against commission for four years from the filing of this complaint, to the extent not already awarded;

(c)     Waiting penalties under CAL. LAB. CODE § 203 to the extent applicable for three years form the filing of this complaint;

(d)     An Order that Defendant cease and desist the practice of charging back commissions, and prohibiting Defendants from attempting to collect any such chargebacks from employees or former employees in any way;

(e)     An Order that Defendant search its records to identify all chargebacks it has assessed against class members, which shall constitute the "res" of an equitable constructive or resulting trust by Defendant for the benefit of class members for whom chargeback restitution is owed and unpaid, to be paid to each such individual that the Defendant can locate, and the remainder of which shall be deposited with the Labor Commissioner as Trustee for the Industrial Relations Unpaid Wage Fund of the State of California pursuant to CAL. LAB. CODE §§ 96.6 and 96.7, along with the names, last known address and social security

number of each remaining unpaid class member and the amount charged back, or, if the Labor Commissioner will not accept these funds, then to the National Employment Lawyers Association (a not for profit organization located in San Francisco dedicated to promoting the employment rights of workers), in the manner provided for by California Code of Civil Procedure Section 384;

(f)     Interest;

(g)     Attorney fees and costs as provided by statute and/or applicable case law; and

(h)     Such other relief as the Court deems just and proper.

Dated this ___<sup>th</sup> day of July, 2004.


                                   THIERMAN LAW FIRM


                                   By: _____/S/_____
                                        Mark R. Thierman
                                        Micheline N. Fairbank


                                   HOFFMAN & LAZEAR


                                   By: _____/S/_____
                                        H. Tim Hoffman

number of each remaining unpaid class member and the amount charged back, or, if the Labor Commissioner will not accept these funds, then to the National Employment Lawyers Association (a not for profit organization located in San Francisco dedicated to promoting the employment rights of workers), in the manner provided for by California Code of Civil Procedure Section 384;

(f)     Interest;

(g)     Attorney fees and costs as provided by statute and/or applicable case law; and

(h)     Such other relief as the Court deems just and proper.

Dated this 20th day of July, 2004.


                                        THIERMAN LAW FIRM



                                        By: _____/S/_____
                                             Mark R. Thierman
                                             Micheline N. Fairbank


                                        HOFFMAN & LAZEAR


                                        By: _____/S/_____
                                             H. Tim Hoffman