IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRET ROBERT OSBORN, MICHAEL PRAFF, KATHLEEN ANN PRAFF, and MARTY GAYLE OSBORN, on behalf of themselves, the general public, and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>EMC CORPORATION, and Does 1 through 50,<br><br>    Defendant.<br>_____/ | No. C 04-00336 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON SEPTEMBER 30, 2005:

The Court **tentatively GRANTS** Defendant EMC's Corp.'s motion for summary judgment and **tentatively DENIES** Plaintiffs' cross-motion for summary judgment. Further, the Court **tentatively GRANTS** the parties' joint motion for preliminary approval of class action settlement. The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are

ORDERED to submit the citations to the authorities only, without argument or additional briefing. *See* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The parties shall have fifteen minutes to address the following questions:

(1) What is the status of the appeal in *Koehl, et al. v. Verio, Inc.* attached to Plaintiffs' Supplemental Memorandum of Points and Authorities?

(2) What authority, if any, demonstrates that the advances at issue are "*assignments* of wages" covered by California Labor Code section 300?

(3) If the Court concludes that EMC's practice of charging back advances made on commissions is not unlawful, would Plaintiffs still contend that the releases signed are invalid? If so, on what basis?

(4) In opposition to EMC's motion, Plaintiffs appear to argue that the releases are unlawful under California Civil Code section 1542 ("Section 1542") regarding the release of unknown claims. In *Jefferson v. California Department of Youth Authority*, 28 Cal.4th 299, 306-7 (2002), clarified that a general release of "all claims and causes of action" would be sufficient to release all claims, including unknown claims. Moreover, a release may cover to unknown claims if there is a factual showing that the parties intended to settle unknown claims. *Id*. at 307. The *Jefferson* Court held that a section in the release quoting Section 1542 and stating "this release will apply to all unknown and unanticipated injuries ... and all rights under Section 1542 ... are expressly waived" unambiguously established the parties' intent to cover such claims. *Id*. Here, the releases at issue specifically reference and explain Section 1542. On what evidence in the record do Plaintiffs rely to demonstrate the parties did not intend to release unknown claims?

(5) In Plaintiffs' motion for summary judgment, they assert that EMC stipulated that there are over 100 sales employees in California who were subject to the charge back provisions. However, in the joint motion for preliminary approval of class action settlement, the parties assert that the class contains approximately 60 employees. How many employees are in the class affected by the proposed settlement? If the number is 100 as opposed to 60, would that affect the fairness of the proposed settlement?

(6) Do the parties have anything further to add?

**IT IS SO ORDERED.**

Dated: September 29, 2005

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE