UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRET ROBERT OSBORN, MICHAEL PFAFF, KATHLEEN ANN PFAFF AND MARTY GAYLE OSBORN, on behalf of themselves, the general public, and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>EMC Corporation, and Does 1 through 50,<br><br>Defendant. | CASE NO. C 04-00336 JSW<br><br>**NOTICE OF CONDITIONAL CERTIFICATION OF CLASS, PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT REGARDING "LEASE CLAIMS"** |

Case 3:04-cv-00336-JSW   Document 147   Filed 11/17/05   Page 2 of 10
Case 3:04-cv-00336-JSW   Document 115-47   Filed 11/16/05   Page 2 of 15

TO: ALL CURRENT AND FORMER SALES EMPLOYEES OF EMC CORPORATION DURING TIMES YOU WORKED WITHIN THE STATE OF CALIFORNIA WHO WERE CHARGED BACK COMMISSIONS PREVIOUSLY PAID ON LEASE TRANSACTIONS AT ANY TIME FROM AUGUST 18, 1999 UNTIL THE SETTLEMENT EFFECTIVE DATE, EXCLUDING ANY CURRENT OR FORMER EMPLOYEES WHO, AS OF THE SETTLEMENT EFFECTIVE DATE, SIGNED VALID RELEASES AND/OR WAIVERS OF LEGAL CLAIMS, AS DETERMINED BY THE COURT.

PLEASE READ THIS NOTICE CAREFULLY.

IF YOU WISH TO RECEIVE YOUR SHARE OF THE SETTLEMENT OF THIS CLASS ACTION, YOU NEED TO COMPLETE AND RETURN YOUR CLAIM FORM NOT LATER THAN March 1, 2006.

IF YOU WISH TO COMMENT IN FAVOR OF THE SETTLEMENT OR OBJECT TO THE SETTLEMENT, OR IF YOU DECIDE NOT TO PARTICIPATE IN THE SETTLEMENT, YOU MUST FOLLOW THE DIRECTIONS IN THIS NOTICE.

IF YOU INTEND NOT TO PARTICIPATE IN THE SETTLEMENT, YOU MUST COMPLETE AND RETURN YOUR COMPLETED ELECTION NOT TO PARTICIPATE ON OR BEFORE March 1, 2006, OR ELSE YOU WILL BE BOUND BY THE SETTLEMENT.

Pursuant to the order of the U.S. District Court for the Northern District of California entered on _____, 2005, YOU ARE HEREBY NOTIFIED AS FOLLOWS:

A proposed settlement (the "Settlement") has been reached between the parties in this class action pending in the U.S. District Court for the Northern District of California brought, in part, on behalf of all individuals described above (the "Class"). The Court has preliminarily approved the Settlement and conditionally certified the Class for purposes of the Settlement only. You have received this notice because EMC Corporation's ("EMC") records indicate that you are a member of the Class. This notice is designed to inform you of how you can make a claim under the Settlement, comment in favor of the Settlement or object to the Settlement, or elect not to participate in the Settlement. If you do not elect not to participate in the Settlement Class, and if the Settlement is finally approved by the Court, the Settlement will be binding upon you, even if you object to the Settlement. However, to receive your share of the proceeds to be paid under the Settlement, you must submit a valid and timely claim form.

Case No. C 04-00336 JSW
SF/346930.5

-1-

NOTICE TO CLASS
EXHIBIT 1

1. BACKGROUND OF THE CASE

On July 1, 2003, plaintiffs Bret Robert Osborn, Michael Pfaff, Kathleen Ann Pfaff and Marty Gayle Osborn ("Plaintiffs") filed a class action lawsuit against EMC in the Superior Court of the State of California, County of Napa, on behalf of all current and former EMC sales representatives who worked within California and received wage deductions or "chargebacks" on their commissions from the lease and sale of EMC products. The case was later removed to federal court in the Northern District of California. In this action, Plaintiffs allege that EMC improperly charged back Plaintiffs and the Class on their commissions from the lease and sale of EMC products, and that EMC, therefore, owed Plaintiffs and the Class these charged back amounts plus interest and other non-wage amounts.

EMC denies all of Plaintiffs' material allegations. Specifically, EMC denies that it unlawfully deducted any wages from Plaintiffs' or the Class's commissions.

After good-faith negotiations, Plaintiffs and EMC agreed to settle a portion of the lawsuit involving commissions allegedly owed from chargebacks on transactions booked as leases by EMC (whether subsequently sold or retained by EMC) ("Lease Claims" or "Lease Transactions").

The Settlement represents a compromise and settlement of highly disputed claims. Nothing in the Settlement is intended or will be construed as an admission by EMC that Plaintiffs' claims in the action have merit or that it has any liability to Plaintiffs or the Class on those claims.

Plaintiffs and EMC, and their counsel, have concluded that the Settlement is advantageous, considering the risks and uncertainties to each side of continued litigation. The parties and their counsel have determined that the Settlement is fair, reasonable, and adequate and is in the best interests of the members of the Class.

As a member of the Class, you will participate in the Settlement and, if you submit a valid and timely Claim Form, share in the proceeds to be paid under the Settlement unless you elect not to participate in the Class.

2. SUMMARY OF THE SETTLEMENT

The Settlement provides for the following:

    a. **Who is included in the Settlement?**

You are included in the Settlement if you meet all of the conditions set forth in the beginning of this notice. It is estimated that there are 60 members of the Class.

    b. **What will I receive from the Settlement?**

From a maximum payment of $491,550 ("Maximum Payment") less Class counsel's fees and expenses, and the administrator's fees (the "Net Settlement Amount"), EMC will pay to each Class member submitting a valid and timely claim an amount equal to the following:

> (a) the amount of commissions for the Lease Transactions charged back from each Class Member during the Recovery Period,
>
> (b) divided by the total amount of commissions for the Lease Transactions charged back to the entire Class during the Recovery Period (this quotient equals each Class member's percentage share of the Net Settlement Amount),
>
> (c) such percentage share will then be multiplied by the Net Settlement Amount to calculate the Settlement Payment for each Class member.

The amount paid to each Class Member with a valid and timely claim is the "Settlement Payment." The "Recovery Period" is the period from August 18, 1999 until Settlement Effective Date, which is the date when the Court enters an order approving this Settlement as final. The chargebacks counted in the Maximum Payment do not include (a) chargebacks taken as a result of a rebooked or recharacterized transaction where the sales employee has already received appropriate commission credit for that transaction, or (b) chargebacks taken for any reason that were previously repaid or recredited, in whole or in part, to the affected sales employee. This Settlement Payment encompasses all Lease Claims in this lawsuit for wages, salary or commissions, interest, costs, attorneys' fees, penalties, and waiting time penalties.

One-half of the Settlement Payment will be treated as "wages," and thus subject to normal tax and other payroll withholdings; the other fraction relates to the Class' claims for interest and other non-wage amounts. As to that fraction of the Settlement Payment as reasonably relating to the Class' claims for commission chargebacks, EMC will separately pay, and not from the

Case No. C 04-00336 JSW  
SF/346930.5

-3-

NOTICE TO CLASS  
EXHIBIT 1

Maximum Payment, the employer's share of FICA and FUTA taxes.

  c. **When will I receive my Settlement Payment?**

The Settlement Payments will be paid after final court approval of the Settlement ("Settlement Effective Date").

  d. **What if I do not want to participate in the Settlement?**

You will not be included in the Settlement if you elect not to participate by submitting an Election Not to Participate in Settlement Class form that is provided with this notice and in accordance with the conditions for submitting that election.

  e. **What if I do not submit an Election Not to Participate in Settlement Class but also do not submit a Claim Form?**

You still will be bound by the terms of the Settlement, but you will not receive a Settlement Payment. To receive your share of the Settlement you must submit a valid and timely Claim Form.

  f. **Settlement Administrator.**

The Court has appointed Rust Consulting, Inc., P.O. Box 1408, Minneapolis, MN 55440-1408, telephone: (866) 317-8695, or such other claims administrator as the parties mutually agree on, to act as an independent settlement administrator and to resolve any dispute concerning a Class member's eligibility to participate in the Settlement and his or her share of the Settlement proceeds.

  g. **Release of Claims.**

The Settlement includes a release by Class members of EMC, and all present and former parent companies, subsidiaries, affiliates, shareholders, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, successors and assigns of EMC, from any and all claims, debts, liabilities, demands, obligations, penalties, guarantees, costs, expenses, attorneys' fees, damages, actions or causes of action of whatever kind or nature, whether known or unknown, arising during the period from August 18, 1999 until the Settlement Effective Date that were alleged or could have been alleged in the lawsuit concerning the Lease Claims.

h.  Attorneys' Fees.

Class counsel (identified in paragraph 4(b) below) will seek approval from the Court for payment of attorneys' fees in an amount not to exceed 25% of the Maximum Payment plus costs, which, if approved by the Court, will be paid from the Maximum Payment. The actual amount to be paid to Class counsel will be determined by the Court. Class counsel believe the amount for costs and attorneys' fees requested is fair and reasonable, and EMC will not oppose their request for that amount.

i.  Costs of Administration.

The costs and fees for administration of the Settlement will be paid from the Maximum Payment.

3.  PLAINTIFFS AND CLASS COUNSELS' SUPPORT OF THE SETTLEMENT.

Plaintiffs as Class representatives and Class counsel support this Settlement. Their reasons include the inherent risk of denial of class certification, the risk of a trial on the merits, and the inherent delays and uncertainties associated with litigation. Based on their experience litigating similar cases, Class counsel believe that further proceedings in this case, including a trial and probable appeals, would be very expensive and protracted. No one can confidently predict how the various legal questions at issue, including the amount of damages, would ultimately be resolved. Therefore, upon careful consideration of all of the facts and circumstances of this case, Class counsel believe that the Settlement is fair, reasonable, and adequate.

4.  WHAT ARE YOUR RIGHTS AS A CLASS MEMBER?

a.  Participating in the Settlement.

Plaintiffs as Class representatives and Class counsel represent your interests as a Class member. Unless you elect not to participate in the Settlement, you are a part of the Class, you will be bound by the terms of the Settlement and any final judgment that may be entered by the Court, and you will be deemed to have released the claims against EMC and the other released parties described above. As a member of the Class, you will not be responsible for the payment

Case No. C 04-00336 JSW
SF/346930.5
-5-
NOTICE TO CLASS
EXHIBIT 1

1 of attorneys' fees or reimbursement of litigation expenses unless you retain your own counsel, in
2 which event you will be responsible for your own attorneys' fees and costs.

   b.  **Commenting in favor of the Settlement.**

   If you wish, you may comment in favor of the Settlement in writing and/or by appearing in person at the final approval hearing, which will be held on ___April 28, 2006___, ~~2005~~, at ___9___ a.m./~~p.m.~~. To do so, not later than 60 days before the final approval hearing you must submit a written notice of your comments and/or your intent to appear and comment in favor of the Settlement at the final approval hearing. Your notice should include your full name, address, date of birth, and dates of your employment at EMC. Send your notice to:

   Clerk of Court
   U.S. District Court for the Northern District of California
   San Francisco Division
   450 Golden Gate Avenue
   San Francisco, California 94102

   Also send copies of your notice to:

| CLASS COUNSEL | DEFENDANTS' COUNSEL |
|---|---|
| Mark R. Thierman<br>Micheline N. Fairbank<br>THIERMAN LAW FIRM<br>7287 Lakeside Drive<br>Reno, Nevada 9489511<br>Fax: (775) 703-5027<br>E-mail: laborlawyer@pacbell.net | Sarah A. Jain<br>PAUL, HASTINGS, JANOFSKY & WALKER LLP<br>55 Second Street, 24th Floor<br>San Francisco, California 94105<br>Fax: (415) 856-7000<br>E-mail: sarahjain@paulhastings.com |
| H. Tim Hoffman<br>Arthur Lazear<br>HOFFMAN & LAZEAR<br>180 Grand Street, Suite #1550<br>Oakland, California 94612<br>Fax: (510) 835-1311<br>E-mail: hth@hoffmanandlazear.com | Howard C. Hay<br>PAUL, HASTINGS, JANOFSKY & WALKER LLP<br>695 Town Center Drive, 17th Floor<br>Costa Mesa, California 92626<br>Fax: (714) 668-6200<br>E-mail: howardhay@paulhastings.com |

   **DO NOT TELEPHONE THE COURT OR DEFENDANT'S COUNSEL.**

   c.  **Objecting to the Settlement.**

   You may object to the terms of the Settlement before final approval, either by filing a written objection or by filing a notice of your intent to appear (either by yourself or through

Case No. C 04-00336 JSW          -6-                    NOTICE TO CLASS
SF/346930.5                                              EXHIBIT 1

counsel) and object at the final approval hearing. However, if the Court rejects your objection, you will still be bound by the terms of the Settlement, unless you also submit an Election Not to Participate. To object, you must send a written notice of objection or a written notice of your intent to appear (either by yourself or through counsel) and object at the final approval hearing to the court and to counsel at the same addresses shown above. **DO NOT TELEPHONE THE COURT OR DEFENDANTS' COUNSEL.** Any written objection and/or notice of your intent to appear at the hearing must state each specific reason in support of your objection and any legal support for each objection. Your written objection and/or notice of your intent to appear at the hearing must also state your full name, address, date of birth, and the dates of your employment at EMC. To be valid and effective, the Court and counsel must receive any written objections and/or notices of intent to appear at the hearing not later than 60 days before the final approval hearing. A Class member who fails to file and serve a written statement of objection in the manner described above and by the specified deadline will be deemed to have waived any objections and will be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

d. **Excluding Yourself from the Settlement.**

If you do not wish to participate in the Settlement, you must complete the enclosed form of Election Not to Participate in Settlement Class ("Election Not to Participate"). The Election Not to Participate must be completed, signed by you, dated, notarized, and returned to:

EMC Settlement Administrator
c/o Rust Consulting, Inc.
P.O. Box 1408
Minneapolis, MN 55440-1408
(866) 317-8695

The Election Not to Participate must be postmarked not later than 60 days before the final approval hearing. If the Election Not to Participate is sent from within the United States it must be sent through the United States Postal Service via registered or certified mail, with return receipt requested. A Class member who fails to mail an Election Not to Participate in the manner and by the deadline specified above will be bound by all terms and conditions of the Settlement,

1  if the Settlement is approved by the Court, and the judgment, regardless of whether he or she has
2  objected to the Settlement.
3        Any person who files a complete and timely Election Not to Participate will, upon receipt,
4  no longer be a member of the Settlement Class, will be barred from participating in any portion of
5  the Settlement, and will receive no benefits from the Settlement. Any such person, at his or her
6  own expense, may pursue any claims he or she may have against EMC, its affiliates, predecessor,
7  or acquired companies. An incomplete or non-notarized Election Not to Participate will be
8  deemed invalid.

      **e.    Claiming a Share of the Settlement Proceeds.**

10        To receive a share of the Settlement proceeds, you must sign the enclosed Claim Form
11  and return it to:

> EMC Settlement Administrator
> c/o Rust Consulting, Inc.
> P.O. Box 1408
> Minneapolis, MN 55440-1408
> (866) 317-8695

15  The Claim Form must be postmarked not later than 60 days before the final approval hearing. If
16  you elect to claim your share of the Settlement, you will be barred from objecting to or appealing
17  from the Settlement.

18     **5.    FINAL SETTLEMENT APPROVAL HEARING**

19        The Court will hold a final approval hearing at the District Court for the Northern District
20  of California, San Francisco Division, 450 Golden Gate Avenue, San Francisco, California
21  94102, on __April 28, 2006__, at __9__ a.m., to determine whether the Settlement should be
22  finally approved as fair, reasonable, and adequate. The Court will also be asked to approve Class
23  counsel's request for costs and attorneys' fees. Class counsel are seeking approval of a total of
24  not more than 25% of the Maximum Payment in attorneys' fees plus costs incurred or to be
25  incurred.
26        The hearing may be postponed without further notice to the Class. **It is not necessary for
27  you to appear at this hearing. If you have given notice of your comments in favor of the**
28

Case No. C 04-00336 JSW              -8-             NOTICE TO CLASS
SF/346930.5                                                 EXHIBIT 1

Settlement, or your objection to the Settlement, you may appear at the hearing at your option so long as you have filed a notice of intent to appear at least 60 days before the final approval hearing.

### 6. GETTING MORE INFORMATION

The above is a summary of the basic terms of the Settlement. For the precise terms and conditions of the Settlement, you are referred to the detailed Joint Stipulation Of Settlement And Release Between Plaintiffs and Defendant Regarding "Lease Claims" Asserted In This Matter ("Settlement Agreement"), which will be on file with the Clerk of the Court. The pleadings and other records in this litigation including the Settlement Agreement, may be examined at any time during regular business hours at the District Court for the Northern District of California, San Francisco Division, 450 Golden Gate Avenue, San Francisco, California 94102, or you may contact Class counsel or the settlement administrator. **PLEASE DO NOT TELEPHONE THE COURT OR DEFENDANTS' COUNSEL FOR INFORMATION REGARDING THIS SETTLEMENT OR THE CLAIM PROCESS!**

BY ORDER OF THE DISTRICT COURT.

Dated: November 17, 2005

_____
Hon. Jeffrey S. White
Judge of the District Court

Case No. C 04-00336 JSW
SF/346930.5

-9-

NOTICE TO CLASS
EXHIBIT 1