IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRET ROBERT OSBORN, MICHAEL PRAFF, KATHLEEN ANN PRAFF, and MARTY GAYLE OSBORN, on behalf of themselves, the general public, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EMC CORPORATION, and Does 1 through 50,<br><br>Defendant. | No. C 04-00336 JSW<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |

Over five months after this Court granted Defendant EMC Corporation's motion for summary judgment and entered judgment in favor of Defendant on all claims except Plaintiffs' claims relating to leases, and one month after the appeal of the Court's order granting summary judgment was voluntarily dismissed pursuant to the parties' stipulation, Plaintiffs now request by letter that the Court allow them to file a motion for reconsideration.

Plaintiffs' request is misguided for several reasons. First, Plaintiffs presented their request to Court by letter as opposed to a motion as required by Civil Local Rule 7-9(a). Second, motions for reconsideration are only appropriate with respect to interlocutory orders. *See* Civ. L.R. 7-9. Here, the Court granted summary judgment and entered summary judgment on October 28, 2005. Plaintiffs appealed this order and judgment to the Ninth Circuit Court of Appeals as "final decision of [the] district court." (Defendant's Opposition to Plaintiffs'

Request for Leave ("Defendant's Opp."), Ex. C.)[1] By appealing the Court's order granting summary judgment, Plaintiffs at once conceded that this order was a final, appealable order, and also divested this Court of jurisdiction to hear Plaintiffs' requested motion for reconsideration. *See United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1109 (9th Cir. 2001) ("Once a notice of appeal takes effect, the district court loses jurisdiction over the matter placed before the appellate court."). Accordingly, even if the Plaintiffs' request were properly filed and sought reconsideration of an interlocutory order, this Court lacks jurisdiction to hear a motion for reconsideration. Therefore, the Court DENIES Plaintiff's request.

**IT IS SO ORDERED.**

Dated: April 19, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] The parties subsequently executed a settlement agreement with respect to Plaintiffs' sales transaction claims – the claims which were the subject of the Court's summary judgment order and judgment – in which Plaintiffs agreed to "withdraw and dismiss with prejudice their appeal to the Ninth Circuit." (Defendants' Opp., Ex. E.) The Ninth Circuit dismissed the appeal pursuant to the parties' stipulation. (Docket No. 137.)

2